WILLIAM C. LEONARD *vs.* JOHN V. ROBBINS & others.

An indebtedness from one partner to his firm, which upon a settlement of the partnership affairs is assigned to another partner, is a good consideration for a promissory note from the former to the latter; and it is immaterial that such indebtedness was included under the head of "bills receivable" and that the other partners did not know who the debtor was.

If an action is brought against several defendants on several promissory notes, and the jury find a verdict against all of the defendants on some of the notes, and against only one of the defendants upon one of the notes, separate judgments according to the finding of the jury cannot be entered, but the plaintiff may elect whether he will take judgment against all of the defendants for the amount of the notes on which they have been found jointly liable, or against only one of the defendants for the amount of the note on which he alone has been found liable; and he may amend his declaration accordingly, upon paying costs on those counts of his declaration which he elects to strike out.

CONTRACT upon three promissory notes made in the name of Robbins & Pomeroy by John V. Robbins, one of the partners.

At the trial in this court, before *Gray*, J., it appeared that the plaintiff and defendants were formerly partners under the firm of W. C. Leonard & Co., and during the existence of that partnership, on the 4th of December 1858, Robbins gave to the firm an order for the delivery of goods to the amount of $800 to third persons, on his account, and the goods were accordingly so delivered and charged to Robbins. On the 1st of May 1860 the

business of the partnership was closed and a statement of its condition rendered by the plaintiff to the other partners, which mentioned among the assets " bills receivable, $2782.38." This item included the charge against Robbins above referred to, and other similar charges against him ; but the plaintiff did not give to his other partners any information as to what particular bills receivable he held, and by an agreement with Robbins he never informed them that he held any demand against Robbins. On closing the partnership of W. C. Leonard & Co. the plaintiff took for his own the " bills receivable, 2782.38."

On the 5th of July 1861 John V. Robbins made a note in the name of Robbins & Pomeroy, for $512.20, payable to the order of the plaintiff in six months after date; and after it had fallen due and had not been paid he indorsed the amount of it on the order of December 4th 1858, in the hands of the plaintiff, in part payment thereof, and repeatedly thereafter recognized this note as due from himself to the plaintiff. This was one of the notes in suit. The evidence was conflicting upon the point whether all the affairs of the partnership of W. C. Leonard & Co. had been settled. John V. Robbins contended, upon the above facts, that there was no consideration for the above note of $512.20, as against him ; but the judge ruled to the contrary.

The jury returned a verdict against John V. Robbins only upon this note, and against him and the other defendants upon the two other notes; and he alleged exceptions. The judge reported the case with a provision that if the above ruling was sufficiently favorable to John V. Robbins judgment should be rendered on the verdict; otherwise the verdict should be amended by striking out so much as relates to that note before rendering judgment thereon.

*G. M. Hobbs,* for John V. Robbins.

*E. Ames,* for the plaintiff.

GRAY, J. 1. The court has no doubt that the exceptions taken at the trial to the instructions to the jury cannot be sustained. By the proceedings between all the members of the firm of W. C. Leonard & Company, stated in the report, the debts due to that firm, called " bills receivable " in the

correspondence between the partners, which in fact included the claim of the firm against John V. Robbins, one of the partners, upon the order of December 4th 1858, became the property of the plaintiff alone. The fact that the other partners were ignorant that John V. Robbins was the debtor did not affect the right of the plaintiff against him after this claim had thus become the plaintiff's property. This right could have been enforced in equity, if not at law, and was a sufficient consideration for his subsequent note.

2. But it is now argued that judgment cannot be entered on the verdict in its present form. Although this point was not raised at the trial, and is inconsistent with the terms of the report upon which the case was reserved, we have felt bound to consider it, for no agreement or assent of parties will enable the court to render a judgment which the law does not warrant.

At common law, the objection to such a judgment was twofold. Causes of action against two or more defendants jointly and against one of them severally, could not be joined in the same declaration. 1 Chit. Pl. (6th ed.) 232. *Claremont Bank* v. *Wood*, 12 Verm. 255. And in an action of contract against two or more jointly, upon a verdict or default against some of them only, no judgment could be rendered for the plaintiff, because the contract found was not the contract declared on. 2 Rol. Ab. 707, *pl.* 49. *Tuttle* v. *Cooper*, 10 Pick. 281. Soon after the decision of this court in the case last cited, the legislature passed a statute, which, with occasional modifications, has since continued in force, authorizing the plaintiff in an action of contract against two or more defendants, to take judgment against those, though less than all sued, who should appear upon the trial to be liable. *St.* 1834, *c.* 189. *Goodnow* v. *Smith*, 18 Pick. 414. Rev. Sts. *c.* 100, §§ 6, 7. *Hathaway* v. *Crocker*, 7 Met. 268. *St.* 1851, *c.* 255. *Wiggin* v. *Lewis*, 12 Cush. 486. The existing statute provisions on the subject, upon which the plaintiff relies, are as follows : " In any action, founded on a contract express or implied, in which there is more than one defendant, the plaintiff shall be entitled to judgment against such defendants as are defaulted, and against those who upon

trial are found liable on the contract declared on, notwithstand-, ing it is found that all the defendants are not jointly liable thereon. In such action, when any defendants are defaulted, and upon trial any of the others are found liable, the court shall render. judgment both against those defendants defaulted and those found liable for the debt or damages, with costs to the time of the default, and against those who defend, for all costs accruing after the default ; and shall issue separate executions on such judgment." Gen. Sts. *c.* 133, §§ 5, 6.

These statutes have not authorized the joinder in one action of one count on a joint contract of all the defendants, and another count on a separate contract of one of them ; or allowed judgment or execution against one defendant for one debt, and against the other defendants or all the defendants for a different debt. If they had, a plaintiff might join in one action against two defendants counts upon two contracts, alleging them to be joint, one of which was in fact made by each severally ; and recover judgment against each defendant upon his several contract, with which the other defendant had nothing to do. These statutes were intended to enable the plaintiff to recover one judgment upon one contract against such of the defendants as should appear to be actually liable thereon, but not different judgments in one action upon independent contracts which by the rules of the common law could not be joined in one action. In other words, they have cured the objection of variance in the proof of the parties contracting, but have not touched that of misjoinder of causes of action in the declaration. The only case in which our statutes have so far modified the common law as to allow several judgments upon different contracts in one action is where they all arise out of one written instrument, as upon one bill of exchange or promissory note. Gen. Sts. *c.* 129, § 4. The difficulty in this case has been occasioned by the plaintiff's suing in one action upon three promissory notes which have proved to be entirely distinct in their nature, one note being the several contract of one of the defendants, and the others the joint contracts of all. If the declaration had stated the contracts as they have been found by the jury, it

would have been bad upon demurrer, and must have been amended by striking out either the count on the several contract, or those on the joint contracts. As the misjoinder in this case did not appear upon the record until the return of the verdict, it may be taken advantage of at this stage. The plaintiff may therefore amend his declaration as he may elect, either by striking out the counts upon the joint notes, and paying costs to those defendants against whom a verdict was returned on those notes only; or by striking out the count upon the note on which John V. Robbins alone has been found liable; and according to his election the verdict may be amended so as to stand for the plaintiff on the count or counts which he elects to retain. and *Judgment rendered thereon, with costs.*